**IN THE DISTRICT COURT**
**FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK S. SMITH and GLENN D. WONG,<br><br>Defendants. | CRIMINAL CASE No. 17-00020<br><br>**ORDER DENYING DEFENDANT WONG'S MOTION TO SET JURY SELECTION AND TRIAL** |

Before the Court is Defendant Glenn D. Wong's Motion to Set Jury Selection and Trial Within Speedy Trial Act (ECF No. 283). The Government filed an opposition (ECF No. 286) on January 28, 2019. Defendant Wong did not file a reply. For the reasons set forth below, the Court denies Defendant Wong's motion.

## I. BACKGROUND

On March 14, 2017, a federal grand jury returned an indictment with fifty-six counts (ECF No. 1) against codefendants Mark S. Smith and Glenn D. Wong for the offenses of conspiracy to commit wire fraud, wire fraud, theft of government property, conspiracy to commit money laundering, engaging in monetary transactions with proceeds of specified unlawful activity, laundering of monetary instruments, and false statement on loan application. On September 22, 2017, the Court declared a mistrial out of manifest necessity. (Order Declaring Mistrial, ECF No. 174.) Following the mistrial, both Defendants filed motions to dismiss the indictment, asserting that double jeopardy bars a second trial. (Wong Motion to Dismiss Indictment, ECF No. 194; Smith Motion to Dismiss, ECF

No. 243.) The Court denied both of these motions (Orders, ECF Nos. 219 and 254), and both Defendants filed interlocutory appeals to the Ninth Circuit Court of Appeals (Notices of Interlocutory Appeal, ECF Nos. 222 and 256). After Defendants filed their notices of appeal, this Court vacated the scheduled trial date because it lacks jurisdiction over the case while the appeals are pending before the Ninth Circuit. (Order, ECF No. 258.)

On November 7, 2018, the Ninth Circuit affirmed this Court's denial of Defendant Wong's motion to dismiss. *United States v. Wong*, 741 Fed. Appx. 526 (9th Cir. 2018) (docketed at ECF No. 279). The Mandate issued on November 29, 2018. (ECF No. 282.) On January 17, 2019, Defendant Wong filed the present motion to set jury selection and trial. The Government opposed this motion, arguing that a trial date should not be scheduled because Defendant Smith's interlocutory appeal is still pending and it is reasonable to toll the Speedy Trial Act clock for Defendant Wong to ensure a joint trial. (ECF No. 286 at 2, 4.) The Docket Report for Smith's appeal reflects his appeal is still pending. (*Id*. at Exhibit 1; *United States v. Mark Shawn Smith*, 9th Cir. No. 18-10002.)

## II. DISCUSSION

The Speedy Trial Act ("STA") mandates that criminal trials shall commence within seventy days of the filing of an indictment or the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The STA includes numerous exceptions that call for certain periods of delay to be excluded when calculating the seventy-day period. *See* 18 U.S.C. §3161(h). One such exception is "delay resulting from any interlocutory appeal." 18 U.S.C. § 3161(h)(1)(C). Another statutory exception excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

18 U.S.C. § 3161(h)(6). The general purpose of this exception "is to facilitate the efficient use of judicial resources by enabling joint trials where appropriate." *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999) (citing 18 U.S.C. § 3161(h)(6), formerly (h)(7)).

In cases involving more than one defendant, there is a single clock for the calculation of the seventy days that applies equally to all codefendants. *United States v. King*, 483 F.3d 969, 973 (9th Cir. 2007). "It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants. The attribution of delay to a codefendant, however, is limited by a reasonableness requirement." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999) (citing *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993)). "[T]he proper test is whether the totality of the circumstances warrants a conclusion that the delay was unreasonable." *Id.* at 338.

Here, Defendant Wong has moved to set a trial date within the Speedy Trial Act. (Mot. at 1.) He argues that the Court should set jury selection and trial as soon as possible because the Ninth Circuit issued the mandate in *his* interlocutory appeal. (*Id.*) However, Defendant Wong fails to address the impact of his codefendant's pending interlocutory appeal on their joint STA clock. He also does not explicitly argue that the delay is unreasonable, but he does state that the "matter has been pending for almost two years and Mr. Wong continues to labor under terms and conditions of pre-trial release." (*Id.* at 1–2.) The Court recognizes the length of the case and the hardships that may be associated with a drawn-out criminal prosecution. However, the Court also notes that Defendant Wong's interlocutory

appeal was pending for more than one year[1] at the Ninth Circuit and therefore a large portion of the delay can be attributed to his appeal. Moreover, the current delay is caused by his codefendant's exercise of that same right of appeal.

The delay caused by Defendant Smith's interlocutory appeal is properly excluded from the computation of the time within which trial must begin pursuant to 18 U.S.C. § 3161(h)(1)(C). That delay is also excludable as to Defendant Wong pursuant to 18 U.S.C. § 3161(h)(6), as no motion for severance has been granted and the delay is reasonable to facilitate the efficient use of judicial resources by enabling a joint trial.

### III. CONCLUSION

Because the Speedy Trial Act clock has been tolled in this case by co-Defendant Smith's pending interlocutory appeal, and no motion for severance has been granted, Defendant Wong's Motion to Set Jury Selection and Trial Within Speedy Trial Act is denied without prejudice.

IT IS SO ORDERED this 25th day of February, 2019.

*[signature]*

RAMONA V. MANGLONA
Designated Judge

---

[1] Defendant Wong's appeal was docketed on November 6, 2017 and the mandate issued on November 29, 2018.

4